IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANNY JAMES WISE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0320 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS MOOT

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANNY JAMES WISE on April 18, 2005 in the United States District Court for the Southern District of Texas.[1] Petitioner's habeas application was subsequently transferred to this Court and received and filed on December 15, 2005. By his application, petitioner challenges four (4) state prison disciplinary proceedings which took place at the Gorree Unit:

April 29, 2004    Possession of tobacco - dining room    No. 20040240640
                  Loss of 60 days good time credit [2]

---

[1] At the time he filed his application, petitioner was in respondent's custody pursuant to a November 26, 1991 conviction and sentence out of the 265th Judicial District Court of Dallas County, Texas, for the felony offense of burglary of a habitation and the resultant 25-year sentence.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and did not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

| | | |
|---|---|---|
| May 5, 2004 | Correspondence rule violation<br>Loss of 30 days good time credit | No. 20040244161 |
| May 13, 2004 | Possession of tobacco - cell<br>Loss of 120 days good time credit | No. 20040258388 |
| June 21, 2004 | Trafficking and trading money<br>Loss of 60 days good time credit | No. 20040292608 |

It is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application is moot and should be dismissed.

## I.
## PETITIONER'S ALLEGATIONS

Petitioner alleges the finding of guilt in the disciplinary proceeding violates his federal Constitutional rights and can not stand because:

1. There was insufficient evidence to support the hearing officer's finding that he:

    a. possessed the tobacco in the dining room;

    b. attempted to send a letter to another inmate through another inmate;

    c. had knowledge of tobacco in his cell; and

    d. arranged for another inmate to deposit money into his trust account.

2. Petitioner was denied the right to cross-examine and confront the informant in his tobacco cases;

3. Petitioner was denied the right to call mailroom personnel as witnesses in his correspondence case;

4. Petitioner was denied the right to present documentary evidence in his trafficking case to show he had no knowledge that money would be deposited to his trust account  ; and

5. Petitioner received the possession of tobacco - cell and trafficking and trading disciplinary cases due to retaliation by prison officials because he declined to become an informant after the first two cases.

II.
MERITS

The allegations raised by petitioner do not merit federal habeas corpus relief. First, after reviewing the grievance records provided by respondent, it does not appear petitioner has sufficiently exhausted his administrative remedies because he did not present all of his claims through the two-step grievance process. Specifically, petitioner did not timely present any claims regarding disciplinary proceeding number 2004025388 (possession of tobacco - cell), making claims 1.c. and 2, identified above, unexhausted and procedurally defaulted. Moreover, petitioner did not allege in any grievance proceeding that he had been denied requested witnesses or the right to present documentary evidence, nor did he allege he had been retaliated against, making claims 2, 3, 4, and 5, identified above, unexhausted and procedurally defaulted.

Possession of Tobacco - Dining Room

With regard to disciplinary proceeding No. 20040240640 (possession of tobacco - dining room), petitioner alleges there was insufficient evidence to prove he actually possessed the tobacco and that he was denied the right to confront and cross-examine the informant who alleged the tobacco belonged to petitioner. The disciplinary records indicate petitioner entered a plea of guilty to the charge.

To the extent, if any, petitioner claims his due process rights were violated, his claims must fail. Petitioner was notified of the disciplinary charges on April 27, 2004 at 2:20 p.m., and the hearing began on April 29, 2004 at 1:05 p.m. Thus, petitioner received time in excess of the twenty-four hour advance written notice required by *Wolff*, thus enabling him to "marshal the facts and prepare a defense." *See Wolff*, 418 U.S. at 564. Second, petitioner was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action.

Lastly, petitioner was informed of his right and was given the opportunity to call witnesses and present documentary evidence.  Although petitioner now argues he wanted to cross-examine an informant, the hearing record does not indicate petitioner requested any witnesses and no witnesses were called.  The hearing record further indicates petitioner entered a guilty plea to the charges.  Further, there is no constitutional right to cross-examine witnesses at a disciplinary hearing.  *Wolff*, 418 U.S. at 567.  Accordingly, the procedural due process requirements set out in *Wolff* were satisfied and petitioner is not entitled to relief.

Petitioner also claims the evidence was insufficient to support the disciplinary hearing officer's finding of guilt.  The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos,* 41 F.3d at 234 (5th Cir. 1995).  Due to the needs of prison security and protection, even "anonymous and *merely generalized accusations* [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981) (emphasis added).  The court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.)); *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *see also Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985) ("[w]e now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record.") (internal citation omitted). Therefore, so long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld.  *Hudson*, 242 F.3d at 536 (quoting *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)).

The hearing record demonstrates there was at least some evidence to support the hearing

officer's determination: petitioner pled guilty to the charges, the charging report reflected a cigarette was found in the dining room enclosed in a letter written by petitioner, and there was photographic evidence of the tobacco. Since there was some evidence to support the disciplinary verdict finding petitioner guilty of possessing tobacco, *see Banuelos*, 41 F.3d at 234; *Hudson*, 242 F.3d at 536-37, the petitioner is not entitled to relief.

Correspondence Rule Violation

With regard to disciplinary proceeding number 20040244161, petitioner alleges the guilty finding cannot stand because there was insufficient evidence to find him guilty of any infraction and because he was denied his right to call witnesses, specifically mailroom personnel. The record, however, reveals petitioner was informed of his rights and was given the opportunity to call witnesses and present documentary evidence. At the hearing, petitioner began to request mailroom personnel as witnesses, but withdrew the request. Therefore, petitioner was not denied his right to call witnesses and is not entitled to relief.

Petitioner also claims there was insufficient evidence to find him guilty of a correspondence rule violation because the evidence did not show petitioner attempted to actually *send* the letter to another inmate. Again, this Court's role is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" So long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld.

The hearing record demonstrates there was at least some evidence to support the hearing officer's determination: a letter was found in petitioner's cell addressed to another inmate, and petitioner admitted writing the letter. Although petitioner indicated he was not going to actually send the letter (after finding out it would violate TDCJ-CID rules), it was within the hearing

officer's discretion to disbelieve petitioner's self-serving testimony. Accordingly, there was at least some evidence that petitioner violated the TDCJ-CID Correspondence Rules prohibiting correspondence between inmates. Therefore, this Court must uphold the hearing officer's guilt and punishment assessment.

### Possession of Tobacco - Cell

In Case No. 20040258388, petitioner attempted to file a step one grievance, however, it was returned to him unprocessed because it was tardy. The documents presented by petitioner indicate he filed his grievance in December 2004, more than six months after the disciplinary hearing was held and well outside the 15-day period for grieving disciplinary proceedings. Since petitioner did not properly complete the prison's offender grievance dispute resolution procedure with regard to Case No. 20040258388, any claims are unexhausted. Further, because petitioner failed to properly raise these claims pursuant to the grievance procedure, the federal procedural default doctrine precludes federal habeas corpus review of these claims. Petitioner has failed to argue, much less establish, extraordinary circumstances, futility of the administrative process, or actual prejudice resulting from the refusal to hear these claims. Additionally, petitioner has not shown that he is actually innocent of the disciplinary offense charged. Accordingly, this Court should not consider petitioner's claims regarding Case No. 20040258388 because they are barred.

Even so, petitioner's claims are without merit. To the extent, if any, petitioner claims his due process rights were violated, his claims must fail. Petitioner waived his right to twenty-four hour advance written notice of the charges. Second, petitioner was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Lastly, petitioner was informed of his right and was given the opportunity to call witnesses and

present documentary evidence. Petitioner did not request any witnesses or documentary evidence. Although petitioner now argues he wanted to cross-examine an informant, the hearing record does not indicate that such a witness testified. Moreover, there is no constitutional right to cross-examine witnesses at a disciplinary hearing. Consequently, the procedural due process requirements set out in *Wolff* were satisfied and petitioner is not entitled to relief.

Further, the hearing record demonstrates there was at least some evidence to support the hearing officer's determination: the charging officer testified, and the charging report reflected, that snuff, a tobacco product, was found in petitioner's solitary cell during a routine shakedown. Although petitioner states that he had no knowledge of the tobacco, the hearing officer made a credibility determination against petitioner. Therefore, this Court must uphold the hearing officer's guilt determination and punishment assessment because there was some evidence to support his finding that petitioner was guilty of possessing tobacco.

### Trafficking and Trading

In No. 20040292608, petitioner was assessed punishment of a loss of 60 days previously accrued good time credits. To the extent, if any, petitioner claims his due process rights were violated, his claims must fail. Petitioner was notified of the disciplinary charges on June 17, 2004 at 9:35 a.m., and the hearing began on June 21, 2004 at 1:40 p.m. Thus, petitioner received in excess of the twenty-four hour advance written notice of the charges as required by *Wolff*. Second, petitioner was also provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Lastly, petitioner was informed of his right and was given the opportunity to call witnesses and present documentary evidence. Petitioner did not request any witnesses or documentary evidence. Although petitioner now contends he wanted to present letters

in support of his defense, the hearing record does not indicate he ever made such a request to his counsel substitute or the hearing officer. Therefore, there was no denial of due process. Since the procedural due process requirements set out in *Wolff* were satisfied, petitioner is not entitled to relief.

Petitioner also contends there was insufficient evidence to show he had knowledge and intent to have money deposited into his trust account by another inmate. The hearing record demonstrates there was, at the least, some evidence to support the hearing officer's determination. Petitioner's trust account received $100.00 from a Ms. Seymour and letters between Seymour and an inmate Dosier indicated Dosier directed Seymour to make the $100.00 deposit and that petitioner WISE wanted Seymour to make another deposit after TDCJ-CID seized the $100. In addition, Dosier presented officers with a copy of a check written to Seymour, with a note stating, "Ira Draper -- payment for Danny Wise." Disciplinary rules did not require that any money be transferred in exchange for a commodity. *Disciplinary Rules and Procedures for Offenders* at 26. The offense of trafficking and trading "includes the unauthorized transfer of money from one offender to another, whether the transfer is direct or indirect." *Id.* This Court must uphold the hearing officer's guilt and punishment assessment because there was some evidence to support his finding that petitioner was guilty of trafficking and trading.

## Retaliation Claim

None of petitioner's grievances complained he received some of his disciplinary charges as a result of retaliation for refusing to become an informant. Therefore, this claim is unexhausted and procedurally barred. This Court will not consider these claims.

Even so, petitioner's claims are without merit. Prison officials may not retaliate against an inmate for exercising his right to access the courts or for complaining about a guard's misconduct.

*Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A prisoner alleging retaliation "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Accordingly, in addition to showing that a specific constitutional right has been violated, *Jones v.Greninger*, 188 F.3d 322, 325 (5th Cir. 1999), the inmate must demonstrate animus. Specifically, the inmate must show that, *but for* a retaliatory motive, the challenged disciplinary report would not have occurred. *Woods*, 60 F.3d at 1166. "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." *Woods*, 60 F.3d at 1166. Rather, the inmate must produce direct evidence of retaliatory animus or allege a chronology that plausibly supports such an inference. *Id*.

Here, petitioner has produced no evidence whatsoever of retaliation. Petitioner has not presented any direct evidence of retaliation, nor has he alleged a chronology that plausibly supports such an inference. Accordingly, his conclusory allegation of retaliation should be denied as meritless.

### III.
### PETITION IS MOOT

Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division on this date reveals petitioner was released from confinement to parole on September 12, 2006. Petitioner's release from confinement renders the instant habeas application moot. Petitioner challenges only disciplinary proceedings in this action and the resulting loss of previously accrued good time credits. Consequently, the only relief available to petitioner would be the restoration of the good time credits forfeited by the disciplinary action. As petitioner has been released to

mandatory supervision and is no longer incarcerated, his request for a return of good time credits is moot.  Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term."  Because of petitioner's release to parole, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement.  This petition should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANNY JAMES WISE be DISMISSED as moot or, alternatively, denied on the merits.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of July 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic

means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).